408 So.2d 844 (1982)
SILVER SPRINGS, INC. and Kemper Insurance Group, Appellants/Cross-Appellees.
v.
Candy SCARDO, Appellee/Cross-Appellant.
No. AC-276.
District Court of Appeal of Florida, First District.
January 21, 1982.
Richard H. Weisberg of Cooper & Rissman, P.A., Orlando, for appellants/cross-appellees.
Bruce R. Kaster of McClellan, Kaster & Vostrejs, P.A., Ocala, for appellee/cross-appellant.
ROBERT P. SMITH, Jr., Chief Judge.
The employer and carrier in this workers' compensation case appeal the deputy's award of temporary total disability benefits beginning September 4, 1980. We reverse the award of total disability benefits after October 21, 1980, because there is no medical evidence that claimant was completely unable to work after that date, and she did not then make any conscientious effort to return to work. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). We remand the case, however, for consideration of whether any temporary partial wage-loss benefits may be due after October 21.
*845 The deputy also incorrectly calculated claimant's average weekly wage under Section 440.14(1), Florida Statutes (1979). In the 13-week period just before her injury, claimant worked full-time only three weeks and part-time for the remainder of the period. She considered herself a part-time employee, as did her supervisor. There was no evidence that she expected to work full-time hours or increase her rate of pay in the future. The deputy, however, in calculating her average weekly wage, averaged only her earnings during the three weeks of full-time employment. That calculation produced a higher average weekly wage than was justified.
Since 1941, the Legislature has prescribed wages earned during the entire 13-week period prior to the injury as the preferred compensation rate base, unless using that particular period is unfair or unreasonable. Waymire v. Florida Industrial Relations Commission, 174 So.2d 404, 407 (Fla. 1965). Therefore claimant's average weekly wage should be calculated by averaging the wages she did earn during the 13-week period, full- and part-time. We recognize that § 440.14(1)(a) does not in its unvarnished state directly apply to claimant, because that section is specifically applicable to the worker who worked substantially full-time for 13 weeks before the injury. But where a part-time worker has worked in that worker's typically part-time fashion for substantially all of those 13 weeks, we see no reason why the average wage should not be calculated in the way prescribed by Section 440.14(1)(a). That would appear to be a proper application of Section 440.14(1)(f), which says a part-time work status should be considered in arriving at an average weekly wage. If a 13-week work history exists, the statute, in our opinion, directs the deputy to use it as the wage base period with any other appropriate adjustments in its use needed for part-time work status.
From our study of the legislative history of Section 440.14(1) and cases interpreting it, it seems that the part-time worker provision was not added to displace the basic preferred methods of calculating a wage base, but for the rather obvious purpose of preventing a part-time worker from collecting compensation based on the wages of a full-time worker. See J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 560 (Fla. 1962). The part-time provision was added to the act in 1953 after the Supreme Court used one of the basic calculation methods for full-time workers to pay compensation based on full-time wages to a part-time worker. Gibbs, supra. Since § 440.14(1)(f) and its predecessor do not direct the deputy to consider part-time status in any particular manner, the only meaningful interpretation of the provision is that it should modify the application of each of the basic compensation methods described in Section 440.14(1)(a)-(d). For a similar interpretation of the statute in its earlier form, see Wolf v. City of Altamonte Springs, 148 So.2d 13, 17 (Fla. 1962) (J. Taylor, dissenting).
The temporary total disability benefits awarded properly from September 4 to October 21, 1980 should be calculated in accord with this opinion. In determining whether claimant is eligible for any partial wage-loss benefits under Section 440.15(4), the deputy should use the same recalculated average wage.
On cross-appeal, we find that the deputy's finding that the carrier did not act in bad faith was premature. It is not entirely clear from this record whether the claimant sought attorney's fees under § 440.34(2)(b) (1979) by alleging the carrier's bad faith handling of her claim. It is clear that the bad faith issue was not specifically litigated as a separate issue before the deputy, as required. See Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981).
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
LARRY G. SMITH and WIGGINTON, JJ., concur.