WENTWORTH, Judge.
Appellants seek review of a workers’ compensation order whereby appellee was awarded payment of attorney’s fees pursuant to § 440.34(2)(b), Florida Statutes. We conclude that the deputy erred in finding “bad faith” as a predicate for the award, and we therefore reverse the order appealed.
As Florida Erection Services Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981), recognizes, a deputy commissioner has broad discretion in determining bad faith, and such finding may be predicated on the “delay or denial of payment, without a showing of active effort and initiative on the part of the carrier to fairly and expeditiously determine its obligation .... ” Nor does this obligation cease when the employer/carrier contemplates an appeal. See Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). However, where a reasonable dispute exists, a bad faith finding is not warranted merely because the deputy disagrees with the employer/carrier’s position. See Harper Plumbing & Heating v. Boyd, 418 So.2d 396 (Fla. 1st DCA 1982). In the present case the carrier did pursue active investigation to determine its obligation, and it does not appear that the carrier acted unreasonably in maintaining the position that, based on the information it had secured, claimant’s average weekly wage was properly determined in accordance with the actual wages indicated in his wage statement. A subsequent delay in payment, while appellants were contemplating appeal, until three days after the order became final was not of such magnitude as to constitute bad faith in the circumstances of the present case. The totality of the circumstances involved does not indicate “fraud, malice, oppression or willful, wanton or reckless disregard of the rights of the claimant,” as § 440.34(2)(b) defines “bad faith.” In the present case the deputy’s finding of bad faith was therefore an abuse of discretion.
The order appealed is reversed.
BOOTH and THOMPSON, JJ., concur.