SHIVERS, Judge.
Appellee/cross-appellant R.L. Schreiber Food, Inc. and U.S. Fidelity and Guaranty Company, the employer/carrier, appeal from an order they allege is erroneous because it awarded attorney’s fees without an explicit finding of bad faith. The issue on appeal is whether a deputy commissioner may award attorney’s fees based on a claimant’s economic loss without making a concurrent finding that the carrier acted in bad faith. We answer that question in the negative, and remand for an explicit determination on the issue of bad faith.
Claimant injured his left leg and lower back while working as a warehouseman for the employer/carrier. On April 2, 1986, the deputy commissioner held a hearing to determine claimant’s request for penalties and interest on late payments of benefits which claimant alleged were due him and to resolve the issue of whether claimant was entitled to attorney’s fees and costs because of the employer/carrier’s alleged bad faith handling of the claim. The deputy commissioner determined that claimant was entitled to interest on the late payment of his TTD benefits but concluded that penalties were not appropriate since it appeared that upon receipt of the necessary documentation the carrier made a proper temporary total payment. The deputy commissioner calculated the interest due claimant as $43.20 observing that he found “the carrier in all situations has conducted itself in a manner of cooperation with this claimant, even to the degree of completing forms for him. There is nothing in the evidence which would reflect the carrier in any way acted in bad faith or in an unconscionable manner.” As to attorney’s fees, the deputy commissioner found claimant had required representation of counsel and had suffered economic loss as evidenced by the award of interest for the employer/carrier’s late payment of TTD benefits. Accordingly, the deputy commissioner awarded claimant attorney’s fees in the amount of $500, and denied his request that the carrier pay for costs of the proceedings. From this order, claimant appeals.
Section 440.34(3)(b), Florida Statutes (1985), permits an award of attorney’s fees “[i]n cases in which the deputy commissioner issues an order finding that a carrier has acted in bad faith with regard to handling an injured workers’ claim and the injured worker has suffered economic loss.” In the case at bar, the deputy commissioner found economic loss but refused to find the employer/carrier had acted in bad faith. Yet section 440.34(3)(b) expressly requires that both be found before the employ *1002 er/carrier may be held responsible for the claimant’s attorney’s fees.
Because there is no statutory basis for such an award of attorney’s fees based on economic loss alone, the deputy commissioner’s order is facially invalid and should be remanded to determine whether an implicit finding of bad faith gave rise to his award of attorney’s fees to be paid by the employer/carrier. We are also of the opinion that the issue which the employer/carrier raises on cross-appeal, which is whether the deputy commissioner erred, as a matter of law, in awarding attorney’s fees on the ground that the attorney had obtained an award based on interest due the employee, can better be answered after the deputy commissioner makes an explicit finding as to whether or not his award of attorney’s fees was based on a finding of bad faith. We have examined the other issues raised by this appeal and find them to be without merit.
Reversed and Remanded.
ERVIN and ZEHMER, JJ., concur.