506 So.2d 1148 (1987)
Christine EATON, Appellant,
v.
PINEBROOK PLACE HEALTH CARE CENTER and Crawford & Co., Appellees.
No. BN-43.
District Court of Appeal of Florida, First District.
May 8, 1987.
Maurice F. Sprinz, Sarasota, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellees.
ZEHMER, Judge.
This case is before us on appeal from an order of the deputy commissioner determining that appellant's average weekly wage (AWW) should be calculated under section 440.14(1)(f), Florida Statutes (1985), based on her earnings as a part-time worker. Because the deputy failed to make the findings of fact required as a predicate to application of that section, we reverse and remand with directions to redetermine appellant's AWW.
Appellant was hired as a licensed practical nurse (L.P.N.) at a recently opened health care facility. Because the initial patient load was not heavy enough to warrant a full-time L.P.N., she agreed to work part-time until the patient load increased, with the understanding that she would then be offered full-time employment. In late June appellant began working full-time, filling in for a registered nurse who had resigned. She worked full-time for approximately two weeks, until July 10, 1985, when she injured her back lifting a patient. Claimant was paid compensation benefits based on her AWW for thirteen weeks prior to her injury, which included wages paid for her part-time as well as full-time work.
Claimant filed an application for a hearing and claimed, among other things, that her AWW should be based on her full-time salary. The deputy found that claimant was employed full-time for two weeks prior to her injury, but noted that "claimant knew at the time she was hired that she would receive less than full time wages *1149 pending the opening of the employer's full business activities." He awarded benefits based on claimant's part-time AWW.
Section 440.14(1)(b) provides that, in the event a claimant has worked less than ninety percent of customary full-time employment for the thirteen weeks prior to the injury, the AWW shall be determined by the wages of a similar employee;[1] and if that method "cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used" pursuant to subsection 440.14(1)(d), unless the employee is found to be a part-time employee under subsection 440.14(1)(f). In order to find that claimant's AWW should be determined as a part-time employee, however, the deputy commissioner must find that each of the following three factors has been established by competent substantial evidence: (1) claimant was a part-time worker at the time of the injury; (2) claimant has adopted part-time employment as a customary practice; and (3) claimant would have remained a part-time worker during the period of the disability.
The deputy made no findings on each of the three factors required by the statute. Further, appellee does not point to competent substantial evidence establishing each of these three factors, and we have found none in the record. Indisputably, the claimant was not working part-time when she was injured, and the record does not support a finding that she had adopted part-time employment as a customary practice and would have remained so employed throughout the period of disability. On the contrary, the uncontroverted evidence established that claimant was intent on working full-time at the earliest opportunity. Because the three factors establishing part-time employment are not met in this case, the deputy's determination of AWW must be reversed. We therefore remand for determination of her AWW as a full-time employee under sections 440.14(1)(b) or (d), whichever the deputy should find appropriate.
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] Because claimant had worked full-time only two weeks, this section, rather than subsection 440.14(1)(a), would become the primary section to apply.