ON REHEARING
WIGGINTON, Judge.
Upon claimant’s motion for rehearing, we withdraw our original opinion and substitute the following opinion therefor.
The employer/carrier in this workers’ compensation case appeal the deputy commissioner’s determination of claimant’s average weekly wage. Although we disagree with their assertion that the deputy also determined the issue of claimant’s entitlement to compensation benefits (which point we decline to discuss further), and that the deputy erroneously concluded that claimant is a full-time employee, we nonetheless reverse that portion of the order determining the amount of claimant’s average weekly wage on the basis that it was improperly calculated under section 440.14(l)(d), Florida Statutes (1983).
On September 19, 1986, a hearing was held on the issue of average weekly wage. The evidence adduced at the hearing revealed that claimant suffered a work-relat *658 ed injury while employed as a “casual” truck driver with the employer. The nature of such employment is that the casual driver works only those hours actually offered to him by the individual trucking company, and does not enjoy a guaranteed 40-hour or 5-day workweek in his contract of employment as do the employer’s permanent drivers. Moreover, a casual driver can work for the employer’s competitors and often does, as it is the custom in the business for casual drivers to be contacted by a trucking company for the next day, or for the driver to contact the various trucking companies for work each day. At the time of the hearing, the hourly rate of $13.23 was uniform throughout the industry for both casual and permanent drivers, the difference being that the permanent drivers were guaranteed fringe benefits but no overtime, whereas the casual drivers received overtime but no benefits.
As the deputy found, it was approximately thirteen weeks prior to the claimant’s industrial accident of April 9, 1984, that he changed occupations to that of a truck driver. Thereafter, he sought employment as a driver each day by calling the various trucking companies. When he applied for work with the employer herein, he applied for full-time employment, his intention being that one of the companies would eventually offer him a permanent position. Claimant worked part of every week during the weeks prior to his accident and accepted all of the work that was offered to him, although the amount of the time he worked varied considerably. In total, claimant worked thirty-one of sixty-five days, not including overtime and double shift days (In the sixth week before his accident, claimant worked four days plus three nights for two employers, which was the equivalent of seven working days.).
The fundamental issue before the deputy commissioner regarded the characterization of claimant’s status as a casual driver relevant to a determination of whether he was a full- or part-time employee. On the basis of the evidence, the deputy found that claimant was not a part-time employee as defined by section 440.14(l)(f), as he had neither adopted part-time employment as his customary practice nor would have remained a part-time worker during the period of disability under normal working conditions. Significantly, the deputy observed that under the statute, a part-time worker means an individual who customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment. He emphasized the disjunctive “or,” interpreting the phrase as meaning that an employee who works either a full work day or a full workweek, as offered by the employer, is not a part-time employee. The deputy noted that claimant worked a full day whenever work was offered and that not even a regular driver was guaranteed a 40-hour workweek, but only when work was available. When work was not available, the permanent driver was laid off and the casual driver simply was not hired. Thus, the deputy was aptly reasoning that when work was available, claimant worked the full-time hours of a regular driver, making his job indistinguishable from that of the employer’s permanent drivers.
Once having determined claimant’s status, the deputy next considered the statutory scheme and determined that claimant had not worked substantially the whole of the thirteen weeks immediately preceding his injury, since he only worked thirty-one of sixty-five days, and that the method set forth in section 440.14(l)(a) could not be utilized to calculate his average weekly wage. Further, as he held it to be unreasonable to suppose that there could possibly be a similar employee who had worked substantially the whole of the 13 weeks, given the varied and differing nature of the work performed and the time required in which to perform it by the drivers, thereby eliminating the calculation method under section 440.14(l)(b), and as there was no dispute that claimant’s job was not seasonal for purposes of subsection (l)(c), the deputy employed the method provided in section 440.14(l)(d) using claimant’s full-time weekly wages based on a 40-hour workweek plus overtime. Up to this point, we approve the deputy’s reasoning and con- *659 elusions and agree that on the basis of the circumstances in this case and claimant’s unique employment position, claimant was properly considered to be a full-time employee for purposes of section 440.14. Thus, we distinguish the circumstances in Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982), relied on by the employer/carrier.
However, we must disagree with the deputy’s calculation of claimant’s average weekly wage under section 440.-14(l)(d). That section allows the deputy to determine the average weekly wage by utilizing “the full-time weekly wages of the injured employee....” To that end, the deputy may consider either the “ ‘contract of employment’ or the ‘actual earnings,’ according to the circumstances of each case,” and his task is to apply subsection (l)(d) “reasonably and fairly” to the facts proven. Penuel v. Central Crane Service, 232 So.2d 739, 742 (Fla.1970); see also Florida Cast Stone v. Dehart, 418 So.2d 1271 (Fla. 1st DCA 1982). Moreover, in so applying subsection (l)(d), the full-time wages must be determined prospectively, meaning that “the proper basis for calculation is not what claimant was in fact paid, but what he was entitled to earn.” Adart South Polybag Mfg., Inc. v. Goldberg, 495 So.2d 826, 828 (Fla. 1st DCA 1986).
Applying the above rules to the instant case, the deputy, having found claimant to be a full-time employee for purposes of the statute, properly concluded “an actual full-time weekly wage is $13.23 per hour for an 8-hour day, five days a week.” Nonetheless, the deputy thereafter erred in considering claimant’s overtime. As noted earlier, the full-time permanent drivers did not receive overtime and would not have had that figured into their average weekly wage. Accordingly, on remand, the deputy shall calculate claimant’s average weekly wage strictly on the basis of the contract of employment of a full-time employee.
Consequently, that part of the order determining average weekly wage is reversed and the cause remanded for a determination of average weekly wage consistent with this opinion and the opinions cited herein. In light of our holding, an approach that was not specifically addressed by the parties, the parties may again file their respective motions for rehearing.
BOOTH and BARFIELD, JJ., concur.