567 So.2d 33 (1990)
William BENNETT, Appellant,
v.
H & L BUILDERS, INC. and State Farm Insurance Co., Appellees.
No. 89-3068.
District Court of Appeal of Florida, First District.
September 21, 1990.
William G. Berzak, Orlando, and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for appellant.
Lamar D. Oxford and Andrew Ringers, of Dean, Ringers, Morgan & Lawton, Orlando, for appellees.
*34 SHIVERS, Chief Judge.
Claimant appeals a workers' compensation order denying a claim for payment of chiropractic treatment and other benefits and denial of attorney's fees.
We find competent substantial evidence to affirm the denial of authorization of psychiatric or psychological evaluation and treatment and to affirm the denial of temporary total disability (TTD) or temporary partial disability (TPD) benefits from January 30, 1989 through April 20, 1989. We reverse and remand on the issue of whether the judge erred in denying claimant's request for payment of chiropractic bills and authorization of future chiropractic care. For this reason, we also remand on the attorney's fee and costs issue.
In this compensable accident claimant, on September 22, 1988, was hit over the right eye by a pelican hook, causing him to fall from a truss onto a concrete slab. Claimant's treating physician released him to work without restrictions on January 13, 1989, and the employer/carrier (E/C) paid temporary total disability benefits through January 16, 1989. After release claimant requested chiropractic care. The E/C neither provided such treatment nor obtained a ruling that the treatment was not in the claimant's best interest.
We reverse and remand for a specific finding as to whether chiropractic treatment was reasonable and necessary palliative care for claimant's condition. We have held in several cases that once a claimant specifies to the E/C that he desires chiropractic treatment, the E/C must either provide such treatment or obtain a ruling that the treatment is not in the claimant's best interest. If the E/C fail to provide the care or obtain a ruling, they will be responsible for unauthorized treatment pursuant to section 440.13(2), Florida Statutes, if the treatment is found by the JCC to be reasonable and necessary. See Teimer v. Pixie Playmates, 532 So.2d 37 (Fla. 1st DCA 1989); Jackson v. Publix Supermarkets, Inc., 520 So.2d 50 (Fla. 1st DCA 1987). Although the JCC accepted the testimony of treating neurologist Dr. Mamsa in his order (including Mamsa's testimony that he did not believe chiropractic care was medically necessary), he failed to make a specific finding in his order that chiropractic treatment was neither "medically [n]or reasonably necessary." 532 So.2d at 40. As in Teimer, therefore, we reverse and remand for a specific finding as to whether:
`chiropractic treatment in general was reasonable and necessary palliative care for claimant's compensable condition.' If such chiropractic care is found to have been reasonable and necessary for claimant's condition as it existed at that time, then claimant is entitled to an award of the costs incurred from such treatment as of the date that claimant made the employer and carrier aware that she desired such treatment, and gave them a reasonable time to authorize a chiropractor.
532 So.2d at 41 (citations omitted).
Since the award or denial of attorney's fee and costs before the judge may be affected by the outcome of the remand, we also remand on the attorney's fee and costs issue.
AFFIRMED in part and REVERSED and REMANDED in part.
JOANOS and MINER, JJ., concur.