570 So.2d 1076 (1990)
Loretta RICHARDSON, Appellant,
v.
MORRELL'S, INC., Appellee.
No. 90-1245.
District Court of Appeal of Florida, First District.
December 3, 1990.
Stephen A. Smith, Lake City, for appellant.
Barry D. Graves, Gainesville, for appellee.
SHIVERS, Chief Judge.
The claimant in this workers' compensation case appeals an order denying her claim for increased average weekly wage (AWW). We reverse the order for the reasons set out below.
The record on appeal indicates that the claimant began working for appellee Morrell's as a part-time salesperson in March 1983. In September 1985, she changed to full-time status, normally working 40 or more hours per week. On June 9, 1986, claimant underwent a mastectomy due to cancer of the left breast, forcing her to return to part-time work for the next six months while she received chemotherapy treatments. During this six-month period, the claimant established a pattern of missing work immediately following a treatment, then gradually increasing her hours *1077 until the next treatment three weeks later. Claimant averaged 26 hours per week during this period, but it was anticipated by both claimant and her employer that she would return to full-time work as soon as she finished her chemotherapy treatments and sufficiently recovered.
Claimant received her last treatment on December 8, 1986, and worked six hours the following week. Over the next four-week period she worked 23 3/4 hours, 28 1/2 hours, 24 1/4 hours, and 26 hours, respectively. On January 27, 1987, claimant injured her back and leg in an industrial accident. Maximum medical improvement was reached on February 24, 1989, after which the claimant was limited to sedentary work. At the time of her industrial accident, claimant was earning $4.25 per hour plus bonuses averaging $400-$500 per month, and was receiving health and accident benefits, contributions to a pension plan, and a life insurance policy. The employer/carrier (E/C) voluntarily paid temporary total and wage-loss benefits following the accident, based on the wages claimant earned during the 13-week period prior to the accident. The E/C terminated the claimant's insurance benefits on April 15, 1989.
Claimant thereafter filed a claim for increased AWW, asserting that her AWW should have been based either on her regular full-time wages or on the wages of a similar employee. The E/C asserted that the claimant had either adopted part-time work as her customary practice or that the wages she earned in the 13 weeks preceding the accident constituted her customary employment at the time of the accident. After a hearing on the claim, the judge of compensation claims (JCC) entered an order finding that the claimant had "established a pattern of employment since her surgery and that her earnings during the 13 weeks prior to her accident correctly reflect her full-time wages." The E/C were, however, ordered to increase claimant's AWW effective April 15, 1989, by $66.22 per week, representing the amount of health and accident insurance benefits terminated on that date.
In Eaton v. Pinebrook Place Health Care Center, 506 So.2d 1148 (Fla. 1st DCA 1987), this court reversed a deputy commissioner's order finding that the claimant's AWW should be based on her part-time earnings, and held as follows:
Section 440.14(1)(b) provides that, in the event a claimant has worked less than ninety percent of customary full-time employment for the thirteen weeks prior to the injury, the AWW shall be determined by the wages of a similar employee; and if that method "cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used" pursuant to subsection 440.14(1)(d), unless the employee is found to be a part-time employee under subsection 440.14(1)(f). In order to find that claimant's AWW should be determined as a part-time employee, however, the deputy commissioner must find that each of the following three factors has been established by competent substantial evidence: (1) claimant was a part-time worker at the time of the injury; (2) claimant has adopted part-time employment as a customary practice; and (3) claimant would have remained a part-time worker during the period of the disability. (footnote omitted)
506 So.2d at 1149. Because the three factors indicating part-time employment were not established by competent substantial evidence in the record, this court remanded for a redetermination of the claimant's AWW as a full-time employee under either section 440.14(1)(b) or (1)(d), "whichever the deputy should find appropriate." Id.
In the instant case, as in Eaton, the evidence is insufficient to support each of the three factors necessary to find the claimant to have been a part-time employee, and insufficient to support the JCC's finding that claimant had adopted part-time employment as her customary practice. Although it is clear that the claimant was a part-time worker at the time of her industrial accident, the record is undisputed that both claimant and employer anticipated claimant's return to full-time employment as soon as she sufficiently recovered from her last chemotherapy treatment. Claimant's testimony was unrebutted that her normal full-time hours prior to cancer surgery *1078 were 40 per week or more. The record is also insufficient to support the JCC's finding that the claimant had adopted part-time employment as a customary practice. The JCC appears to have based this finding on the fact that the claimant had not yet returned to a 40-hour work week at the time of her industrial accident, despite the fact that it had been several weeks since her last chemotherapy treatment. This evidence, however, fails to support a finding that the claimant had adopted part-time employment as her customary practice, or that she did not intend to return to full-time work as soon as she was able, in light of the evidence in the record to the contrary. Further, the fact that claimant had not returned to a 40-hour work week seven weeks after her last chemotherapy treatment does not establish that she would never have been able to return to full-time work. Since claimant received chemotherapy every three weeks during her six months of treatment, there is no history in the record to indicate how long it would have taken her to recover sufficiently to be able to return to 40-hour work weeks.
In sum, since the claimant worked less than 90% of her customary full-time employment for the 13 weeks prior to her industrial injury, but does not meet the three requirements of a part-time employee, neither section 440.14(1)(a) nor (1)(f) are applicable. The JCC's determination of AWW is therefore reversed and the matter remanded for redetermination according to the wages of a similar employee [section 440.14(1)(b)] or, if that method cannot be reasonably and fairly applied, by using the claimant's full-time weekly wages [section 440.14(1)(d)]. The JCC may receive additional evidence if necessary.
REVERSED and REMANDED.
BOOTH and ALLEN, JJ., concur.