WENTWORTH, Judge.
Claimant seeks review of the denial of her claim for an adjustment to her average weekly wage. We find that the judge of compensation claims (JCC) failed to make the requisite statutory findings before determining claimant’s status as a part-time worker and setting her average weekly wage accordingly, and reverse.
In order for a worker to be classified as a part-time worker for the setting of an average weekly wage, the JCC must find that each of the following three factors has been established by competent, substantial evidence: 1) that claimant was a part-time worker at the time of the injury; 2) that claimant has adopted part-time employment as a customary practice; and 3) that claimant would have remained a part-time worker during the period of the disability. Albertson’s Inc. v. Natale, 555 So.2d 946 (Fla. 1st DCA 1990). In the case at bar, claimant’s work history in the eight years prior to her acceptance of employment with the Miami Herald shows that her customary work practice had been to engage in full-time office employment. Although the parties agree that claimant was employed by the Miami Herald as a part-time customer service office worker for the two weeks preceding her compensable injury, claimant testified that she sought full-time employment with the Herald and accepted part-time employment only “to get her foot in the door.” The record contains a form completed by her on which she indicated acceptability of either permanent or temporary and full or part time work. She also stated that she was informed, upon first accepting part-time employment there, that “if things worked out,” she could commence full-time employment with the Herald. No evidence was offered by the Herald to rebut this testimony. Because the record before us does not dictate a conclusion that at the time of the accident claimant had adopted part-time employment as a customary practice, we remand for further findings on this issue and consequent reconsideration of claimant’s average weekly wage. Eaton v. Pinebrook Place Health Center, 506 So.2d 1148 (Fla. 1st DCA 1987).
Reversed and remanded for further consistent proceedings.
JOANOS and ALLEN, JJ., concur.