ERVIN, Judge,
concurring and dissenting.
I concur in all aspects of the majority’s opinion except that portion reversing and remanding the award of bad faith attorney’s fees for further proceedings. I agree that remand is necessary but only for the judge to make a specific finding whether the employer/carrier (E/C) acted in bad faith. The rule is clear that a judge cannot award attorney’s fees based solely on a claimant’s economic loss, without making a concurrent finding that the E/C acted in bad faith. Femenella v. R.L. Schreiber Food, Inc., 519 So.2d 1001 (Fla. 1st DCA 1987); O.T. Sims & Assocs. v. Merchant, 435 So.2d 884 (Fla. 1st DCA 1983).
It appears to me that both parties, by their actions below, acquiesced in permitting the issue of bad faith attorney’s fees to be tried at the same hearing as that conducted on the claim for compensation. At any event, if the E/C believed it was prejudiced by the judge’s failure to conduct a separate hearing as to the claimant’s entitlement to bad faith attorney’s fees, it could have moved for a rehearing pursuant to Florida Workers’ Compensation Rule of Procedure 4.141(a), which it did not. As this court has previously stated, “[W]e will not reverse for a readily correctable technical error that the deputy was not asked to *798 correct within the time available for correction.” Sunland Hosp./State of Fla. v. Garrett, 415 So.2d 783, 785 (Fla. 1st DCA 1982).
Nor would I reach the issue of whether there was sufficient evidence of “fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant.” Ante at 798-99. We have previously recognized that if an E/C resists a claim seeking to include the value of certain fringe benefits in the employee’s average weekly wage (AWW), and the E/C did not agree to pay a higher amount until after a hearing was conducted, the failure to include such amounts constitutes both bad faith and economic loss. Rusty Pelican Restaurant v. Garcia, 437 So.2d 754 (Fla. 1st DCA 1983). We have moreover stated that a judge has broad discretion in determining bad faith, and that such finding may be based upon delay or denial of payment, in the absence of a showing of active effort and initiative by the carrier to fairly and expeditiously determine its obligation. Brice Bldg. Co. v. Bracken, 436 So.2d 1046, 1047 (Fla. 1st DCA 1983).
In the case at bar, the E/C took the position that the employee was not entitled to have certain fringe benefits included in his AWW, because he had voluntarily limited his income by leaving his employment. The majority has now affirmed that portion of the judge’s order which includes the fringe benefits in the calculation of claimant’s AWW and has also held that competent, substantial evidence supports the judge’s finding that the employee did not voluntarily terminate his employment. The facts disclose that claimant left his employment with the employer in January 1987 and that the E/C resisted the inclusion of fringe benefits in claimant’s AWW through the April 25, 1990 hearing and has continued to contest that amount on through this appeal.
Although I consider that there was evidence before the judge on which he could, if he wished, base a finding of bad faith, our case law is clear that the judge is required to make an express determination of bad faith when awarding attorney’s fees. O.T. Sims & Assocs. v. Merchant, 435 So.2d 884 (Fla. 1st DCA 1983). Under the circumstances, I would remand the case only for the purpose of permitting the judge the opportunity of making this express determination.