PER CURIAM
This cause is before us on appeal from an order of the judge of compensation claims (JCC). Claimant argues that the JCC erred in: (1) applying Section 440.-14(l)(f), Florida Statutes, to determine his average weekly wage; and (2) denying his claim for chiropractic treatment after the date he began receiving orthopedic care.
As to the first issue, application of subsection (l)(f) requires proof by competent, substantial evidence that: (1) claimant was a part-time worker at the time of injury; (2) claimant had adopted part-time employment as a customary practice; and (3) claimant would have remained a part-time worker during the period of disability. Jackson v. Miami Herald, 571 So.2d 71, 72 (Fla. 1st DCA 1990); Richardson v. Morrell’s, 570 So.2d 1076, 1077 (Fla. 1st DCA 1990); Albertson’s, Inc. v. Natale, 555 So.2d 946, 948 (Fla. 1st DCA 1990); Eaton v. Pinebrook Place Health Care Center, 506 So.2d 1148, 1149 (Fla. 1st DCA 1987). The JCC did not make the requisite findings to support application of subsection (l)(f), and we must therefore remand for reconsideration of this issue.
We must also remand as to the second issue, in that the JCC made no finding as to whether the chiropractic care which claimant received after the commencement of orthopedic treatment was reasonable and necessary. Section 440.13(2), Florida Statutes; Bennett v. H & L Builders, Inc., 567 So.2d 33, 34 (Fla. 1st DCA 1990), citing Timer v. Pixie Playmates, 532 So.2d 37 (Fla. 1st DCA 1989); Jackson v. Publix Supermarkets, Inc., 520 So.2d 50, 51 (Fla. 1st DCA 1987).
The order appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, WOLF and KAHN, JJ„ concur.