WEBSTER, Judge.
In this workers’ compensation case, the self-insured employer seeks review of an order awarding temporary partial disability benefits, and directing that bills for services performed by an unauthorized chiropractor be paid. Although the evidence was in dispute on the former issue, our review of the record satisfies us that the decision of the judge of compensation claims is supported by competent, substantial evidence. Accordingly, we affirm as to that issue, without further discussion. However, we are constrained to reverse and to remand for further proceedings as to the latter issue.
It is undisputed that claimant requested chiropractic treatment; and that the employer refused to authorize such treatment. Under such circumstances, if the treatment is later found to have been reasonable and necessary, the employer will be responsible for its cost. § 440.13(2)(d), Fla.Stat. (1991). See Bennett v. H & L Builders, Inc., 567 So.2d 33 (Fla. 1st DCA1990). Here, the only expressed basis for the conclusion that the chiropractic treatment in question had been reasonable and necessary was the finding that Dr. MeClimans, claimant’s treating osteopathic physician, had “recommended chiropractic treatment.” We do not believe that this finding is supported by the evidence.
A note contained in Dr. MeClimans’ medical records does appear to suggest that Dr. MeClimans “recommended” that claimant see a chiropractor. However, at his deposition, Dr. MeClimans clarified the note. He testified that he had neither “referred” claimant to a chiropractor, nor “recommended” that claimant see a chiropractor. Rather, in response to a question from claimant as to whether a chiropractor might be helpful, Dr. McClinjans had merely told claimant that, if claimant felt that such treatment might be helpful, he had no objection.
From the foregoing, it is apparent that Dr. MeClimans did not offer an opinion one way or the other regarding the reasonableness and necessity of chiropractic treatment. Therefore, we must reverse the portion of the order directing the employer to pay for that treatment.
Although Dr. MeClimans did, not testify regarding the reasonableness and necessity of chiropractic treatment, there is other, conflicting, evidence in the record as to that issue. Dr. Inaty, the chiropractor for whose services payment was sought, testified that the treatment had been reasonable and necessary. On the other hand, Dr. Campo, a chiropractor who performed an independent medical examination, opined that claimant had not been in need of the treatment. Because of this conflicting testimony, we reverse and remand. On remand, the judge of compensation claims should again consider the evidence, in light of this opinion, and decide whether the chiropractic treatment was reasonable and necessary. In addition, he should explain why he has chosen the testimony of one chiropractor over that of the other.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BOOTH and SMITH, JJ., concur.