ALLEN, Judge.
The claimant appeals a workers’ compensation order which established his average weekly wage (AWW) in connection with an award of disability benefits for certain periods of time. We conclude that the judge did not err in limiting the claimant’s benefits to the periods awarded, but that the judge improperly declined to consider all of the relevant circumstances in determining whether to apply section 440.14(l)(f), Florida Statutes, relating to AWW of part-time workers.
Section 440.14(l)(f), provides that if it is established that:
... the injured employee was a part-time worker at the time of the injury, that he had adopted part-time employment as his customary practice, and that under normal working conditions he probably would have remained a part-time worker during the period of disability, these factors shall be considered in arriving at his average weekly wages....
The statute does not apply unless all of the criteria are satisfied, and it thus does not pertain to a worker who has not adopted part-time employment as a customary practice, and who probably would not have remained a part-time worker throughout the period of disability. E.g., Jackson v. Miami Herald, 571 So.2d 71 (Fla. 1st DCA 1990); Eaton v. Pinebrook Place Health Care Center, 506 So.2d 1148 (Fla. 1st DCA 1987). In Jackson and Eaton the workers’ intent and prior work history provided compelling evidence which negated these factors, so as to preclude application of the statute. See also Richardson v. Morrell’s Inc., 570 So.2d 1076 (Fla: 1st DCA 1990); Albertson’s Inc. v. Natale, 555 So.2d 946 (Fla. 1st DCA 1990).
In the present case the judge suggested that it did not matter whether the claimant would have preferred full-time employment, and expressly declined to consider the claimant’s prior work history because it involved dissimilar duties with a different employer. But neither the statute nor the cited cases impose any such limitation in this regard. Indeed, an AWW determination will sometimes include concurrent earnings, which clearly may encompass dissimilar employments. See, e.g., American Uniform and Rental Service v. Trainer, 262 So.2d 193 (Fla.1972).
In determining whether to apply section 440.14(l)(f), the judge should have considered all of the relevant evidence, including the claimant’s intent and prior work history. The appealed order is therefore reversed as to the AWW determination. The order is *115 otherwise affirmed, and the cause is remanded.
BOOTH and BENTON, JJ., concur.