KAHN, Judge.
In this workers’ compensation case, the employer and carrier appeal the determination of the claimant’s average weekly wages (AWW) and argue that the judge of compensation claims (JCC) should have applied the part-time worker statute, section 440.14(l)(f), Florida Statutes (1991). The claimant, Helen Jones, began working for the employer, East Pasco Medical Center, on a full-time basis in July 1990. Approximately one month later, Jones enrolled in an L.P.N. program and reduced her work hours to part-time. After she became an L.P.N. in August 1991, she *357 resumed full-time work until January 1992, when she enrolled in prerequisite courses for an R.N. program and again reduced her work hours to part-time. On August 18, 1992, while working part-time as an L.P.N., Jones suffered a work-related back injury. She underwent back surgery and was on temporary total disability status until May 28, 1993. In May 1993, Jones completed her R.N. program and, on June 1, 1993, she resumed work with the employer on a full-time basis as a Graduate Nurse. After Jones passed the state licensure examination and became an R.N. in October 1993, she continued working full-time until March 29, 1994, when she required another back surgery. This back surgery resulted in a second period of temporary total disability commencing April 4, 1994, and continuing through the hearing.
The JCC found that section 440.14(1)© did not apply in determining Jones’ AWW because, although Jones was working part-time at the time of her compensable injury, she would not have remained a part-time employee during the period of disability. The employer and carrier argue on appeal that, in calculating Jones’ AWW, the JCC should have only considered the period of temporary total disability immediately following her injury to determine whether, under the statute, she would have remained a part-time worker during the period of disability. We disagree.
The part-time worker statute, section 440.14(1)©, provides:
If it [is] established [1] that the injured employee was a part-time worker at the time of the injury, [2] that he had adopted part-time employment as his customary practice, and [3] that under normal working conditions he probably would have remained a part-time worker during the period of disability, these factors shall be considered in arriving at his average weekly wages. For the purpose of this paragraph, the term “part-time worker” means an individual who customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment.*
Because AWW is a fixed concept, in applying the statute, the JCC must consider whether under normal working conditions the claimant would have remained a part-time worker during any applicable period of disability resulting from the compensable injury. In Eaton v. Pinebrook Place Health Care Center, we held that before calculating a claimant’s AWW as a part-time employee, the JCC must find that all three elements of the statute have been established by competent substantial evidence. 506 So.2d 1148, 1149 (Fla. 1st DCA1987). In this case, the record evidence indicates that, by the time of her second period of temporary total disability, Jones had resumed full-time employment and had established a ten-month pattern of such. As competent substantial evidence thus supports the JCC’s finding that the third element of section 440.14(1)© was not satisfied, the JCC properly declined to apply the part-time worker statute in calculating Jones’ AWW.
AFFIRMED.
BARFIELD and DAVIS, JJ., concur.

 We pass no judgment at all upon whether the facts of this case comport with parts 1 and 2 of the statutory test because during closing statements at the hearing below, claimant made no issue of those two factors.