BENTON, Judge.
Vittorio Gusmano, who was working more than forty hours per week at the time of his injury, contends appellees did not prove he was a “part-time worker,” even though the judge of compensation claims so found. During the thirteen weeks next preceding his injury, Mr. Gusmano worked full-time in all but one of the weeks in which he worked installing tile. The judge of compensation claims nevertheless calculated Mr. Gusma-no’s average weekly wage as if he were a part-time employee: His employer did not need his tile installation services during seven of the thirteen weeks immediately preceding his injury. We conclude that the employer and its insurance carrier, who had the burden to prove that Mr. Gusmano met the criteria for a statutory “part-time worker,” failed to carry their burden of proof. We *995 reverse the order under review and remand for further proceedings accordingly.
Mr. Gusmano worked for J & A Associates helping install tile from June of 1994 until November 5, 1994, the date he sustained a compensable injury. The judge of compensation claims accepted as the basis for determining average weekly wage a summary which showed he had helped lay tile during six of the thirteen weeks next preceding the injury, specifically finding that Mr. Gusmano had worked six days (47.5 hours) the week ending August 20, 1994; five days (43.5 hours) the week ending August 27,1994; five days (58 hours) the week ending September 3, 1994; not at all the week ending September 10, 1994; three days (16.5 hours) the week ending September 17, 1994; then, after a five-week hiatus, six days (46 hours) the week ending October 29, 1994; and six days (44 hours) the week ending November 5, 1994. On the basis of testimony that Mr. Gusmano was a part-time employee because he was hired to work on an “as needed” basis, the judge of compensation claims made a finding that Mr. Gusmano was a part-time worker, and calculated his average weekly wage by dividing by thirteen the wages he received during the thirteen weeks next preceding his injury.[1]
There has been neither allegation nor proof regarding seasonal employment or the wages of a “similar employee.” Since Mr. Gusmano worked less than ninety percent of the thirteen weeks next preceding his injury, the question becomes which of the following two statutory provisions governs calculation of the average weekly wage:
(d) ... the full-time weekly wages of the injured employee shall be used, except as otherwise provided ... [for employees under 22 years of age or part-time employees].
[[Image here]]
(f) If it established that the injured employee was a part-time worker at the time of the injury, that he had adopted part-time employment as his customary practice, and that under normal working conditions he probably would have remained a part-time worker during the period of disability, these factors shall be considered in arriving at his average weekly wages. For the purpose of this paragraph, the term “part-time worker” means an individual who customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment.
§ 440.14(1), Fla.Stat. (1993). An individual who is working part-time and who, having voluntarily limited earnings by adopting part-time employment as a customary practice, would probably have continued working part-time “during the period of disability” is not entitled to receive all workers’ compensation benefits at the same rate as someone employed full-time in the industry. See J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553 (Fla.1962).
On the other hand, “[t]he statute recognizes that it would be inequitable to compensate a worker only on the basis of his part-time earnings or capacity if such status was not voluntarily assumed.” Id. at 560. Accordingly, it provides for a full-time average weekly wage calculation for an employee who is available to work full-time, even if he is unable to work every week because not enough work is available. The statute intends that compensation be limited on the basis of part-time employment only if an employee who is working part-time when injured has adopted part-time employment by choice.[2]
*996 Here Mr. Gusmano testified that he considered his work helping lay tile fidl-time employment, and proved that he worked more than forty hours several weeks. Mrs. Koslowski’s countervailing testimony that he worked “as needed” falls short of proof that he was a “part-time worker” within the meaning of the statute, as opposed to a full-time worker unable to find full employment.
[I]n order to rebut the claimant’s testimony in this case and avail themselves of the limited payment rate, the e/e could have shown that the claimant
[1] had adopted part-time employment as his customary practice, and [2] that under normal working conditions he would have remained a part-time worker during the period of disability ... [and that he] [3] customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment. § 440.14(1)©, Fla.Stat.
O.T. Sims and Assocs. v. Merchant, 435 So.2d 884, 886 (Fla. 1st DCA 1983). In this case, as in O.T. Sims, the employer and its insurance carrier failed to show that the employee met the statutory definition of a part-time worker.
Explaining in Yellow Freight Systems, Inc. v. Coombs, 523 So.2d 657 (Fla. 1st DCA 1988), the meaning of “full-time hours or full-time workweek,” we approved the view that “an employee who works either a full work day or a full workweek, as offered by the employer, is not a part-time employee.” Id. at 658. Mr. Coombs, the claimant in that case, worked no more days during the thirteen weeks next preceding his injury than Mr. Gusmano worked during the thirteen weeks next preceding his injury. Unlike Mr. Gusmano, moreover, Mr. Coombs never worked a full workweek during that period. Instead he put in full days for parts of each of the thirteen weeks preceding the accident, the amount of time he worked each week varying considerably. But Mr. Coombs, like Mr. Gusmano, worked whenever work was available, as far as can be told.
Because Mr. Coombs worked a full day when it was offered to him, and wanted to work full-time, the court held that he was a full-time employee. Id. at 658-59. Likewise, in the present case, Mr. Gusmano, who was, after all, working full workweeks at the time of the injury, must be deemed to have been employed full-time, within the meaning of the statute, when he was injured. Here, as in Coombs, the record is devoid of evidence that the claimant voluntarily limited his employment during the thirteen weeks before his injury. The record shows instead that, during the thirteen weeks before his injury, Mr. Gusmano worked helping lay tile at every opportunity, and that he did not work helping lay tile only when such work was unavailable.
It was pointed out in Coombs that not even a “regular truck driver” was guaranteed forty hours of work each week. When work was not available, “permanent” employees were laid off, and “casual” employees like Mr. Coombs were not hired. Id. at 658. But all lacked work. Similarly here, the employer did not prove that Mr. Gusmano’s employment opportunities or the times he worked would have been significantly different, if he had been hired on a “permanent” instead of on an “as needed” basis. No evidence established “the full-time hours or full-time workweek of a similar employee in the same employment.” § 440.14(1)©, Fla.Stat. (1993).
Another pertinent precedent is Eaton v. Pinebrook Place Health Care Center, 506 So.2d 1148 (Fla. 1st DCA 1987). There the claimant began work on a coneededly part-time basis, as a nurse. She agreed to work part-time, knowing the facility did not then need her as a full-time employee, in anticipation that a need for a full-time employee would eventually arise. When another muse at the facility resigned, the claimant filled in for approximately two weeks before injuring her back while lifting a patient. Id. at 1148. There, as here, the claimant’s average weekly wage was calculated by adding her earnings during the pertinent thirteen-week period and dividing by thirteen. The deputy commissioner adopted this approach for the stated reason that “claimant knew at the time she was hired that she would receive less than full time wages.” Id.
We reversed, holding the deputy commissioner erred by not making the requisite *997 findings concerning the three factors that must be considered to determine whether a claimant is a part-time employee, and because the record did not contain evidence proving the criteria were met.
Section 440.14(l)(b) provides that, in the event a claimant has worked less than ninety percent of customary full-time employment for the thirteen weeks prior to the injury, the AWW shall be determined by the wages of a similar employee; and if that method “cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used” pursuant to subsection 440.14(l)(d), unless the employee is found to be a part-time employee under subsection 440.14(l)(f). In order to find that claimant’s AWW should be determined as a part-time employee, however, the deputy commissioner must find that each of the following three factors has been established by competent substantial evidence: (1) claimant was a part-time worker at the time of the injury; (2) claimant has adopted part-time employment as a customary practice; and (3) claimant would have remained a part-time worker during the period of the disability.'
The deputy made no findings on each of the three factors required by the statute. Further, appellee does not point to competent substantial evidence establishing each of these three factors, and we have found none in the record. Indisputably, the claimant was not working part-time when she was injured, and the record does not support a finding that she had adopted part-time employment as a customary practice and would have remained so employed throughout the period of disability. On the contrary, the uncontroverted evidence established that claimant was intent on working full-time at the earliest opportunity. Because the three factors establishing part-time employment are not met in this case, the deputy’s determination of AWW must be reversed.
Id. at 1149 (footnote omitted). Accord O.T. Sims, 435 So.2d at 886 (holding that the evidence did not support a “part-time” finding, where the employee had worked five weeks full-time before the accident and five weeks part-time prior to that, with two weeks of no work; and that it was proper to calculate average weekly wage based on the five full-time weeks only).
In the present case, the judge of compensation claims did make findings, after a fashion, with regard to the first element of the test for a “part-time employee,” but no findings were made that would even arguably support the conclusion that the second[3] or third [4] elements were established. All three elements must be proven. Not even the first was proven here.
The judge of compensation claims found that Mr. Gusmano was not hired to work forty hours per week, but failed to address whether he was a part-time worker at the time of the injury. See Pinebrook Place Health Care Center. The statute defines a part-time worker as someone who “customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment.” § 440.14(l)(f), Fla. Stat. (1993). Only once during the pertinent period did Mr. Gusmano work helping lay tile for only part of a workweek, and there was no evidence that he could have worked any *998 more that week than he did. He worked over forty hours in each of the two weeks immediately preceding his injury. Appellees did not prove that Mr. Gusmano was not engaged in fulltime employment at the time of his injury, whatever the basis on which he had been hired.
The present ease differs from Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982), where the fact of part-time employment was not even in dispute. As far as can be told from the opinion, Ms. Scardo did not work full-time the week of her injury. In Silver Springs, the claimant worked full-time for three weeks, and part-time for the remainder of the thirteen weeks preceding the injury. Id. at 845. The parties agreed the claimant was a part-time employee: “She considered herself a part-time employee _” Id. At issue in Silver Springs was how to calculate the average weekly wage of a part-time employee, not whether the employee was part-time.
Mr. Gusmano should have been deemed a full-time employee on this record, and his average weekly wage should have been calculated in accordance with section 440.14(l)(d)(1993), which requires that full-time wages be projected forward. Mauranssi v. Centerline Utils. Contract Co., 685 So.2d 66 (Fla. 1st DCA 1996). While no precise formula specifies how this is to be done in all cases, we agree with the judge of compensation claims who determined — at least implicitly [5] — that the calculation in the present case should be based on the actual wages that the claimant received.
We reverse and remand for entry of an order based on an average weekly wage calculated using the six weeks[6] for which Mr. Gusmano received wages for helping lay tile.
ERVIN and KAHN, JJ., concur.

. In calculating the average weekly wage, the judge of compensation claims included wages from Mr. Gusmano's concurrent employment (approximately one night per week) as a disc jockey. See Wal-Mart Stores v. Campbell, 694 So.2d 136 (Fla. 1st DCA 1997). This aspect of the award has not been questioned on appeal, and no cross-appeal was taken.

. Cf. Albertson's Inc. v. Natale, 555 So.2d 946, 948-49 (Fla. 1st DCA 1990) (holding that an employee who was attending college was not a part-time employee under the statute, absent evidence that he would have remained a part-time employee during the entire period of his disability, where the period of disability would last longer than his education; but that the employer would be entitled to a set-off under former section 440.15(4)(b)(1985), because the employee was voluntarily limiting what he could earn while going to college).

. The judge of compensation claims did not find that Mr. Gusmano had adopted part-time employment as his customary practice. Mr. Gus-mano testified that he took the job as full-time employment. While the judge of compensation claims was free to disbelieve this testimony, the fact that work was available only "as needed" is an insufficient basis to find that the employee adopted part-time work as his customary practice. See also Ellis v. City of Frostproof, 642 So.2d 113 (Fla. 1st DCA 1994) (holding that on the issue of determining whether claimant has adopted part-time employment as his customary employment, the judge of compensation claims should consider the claimant’s intentions, and prior work history). Mr. Gusmano testified he left his previous employment because he could not get enough hours. The judge of compensation claims made no findings regarding his prior work history, except that he worked as a cashier, a wallpaper hanger, and as a disc jockey. The evidence showed that he was available for work helping lay tile at any time, and worked as many hours as were given him by his employer (up to fifty-eight hours in one week).

. The final part of the test is whether the employee would, under normal working conditions, have remained a part-time worker during the period of disability. On this element, the judge of compensation claims made no finding.

. The judge of compensation claims found that no contract of employment existed, and noted that no evidence had been adduced as to similar workers’ wages, which led to a determination based on the actual wages paid.

. The claimant worked five full weeks and part of a sixth. The claimant requested that wages earned for these six weeks be averaged, but did not contend below that the judge of compensation claims should calculate his average weekly wage by averaging his wages for the five weeks he worked full time.