KAHN, Judge.
Claimant Tammy Perry appeals a final workers’ compensation order in which the judge of compensation claims (JCC) classified her as a part-time worker for purposes of determining average weekly wage (AWW). Consideration of part-time worker status depends upon three findings: (1) claimant was a part-time worker at the time of injury; (2) claimant adopted part-time employment as a customary practice; and (3) claimant would have remained a part-time worker during the period of disability. See § 440.14(1)(f), Fla. Stat.; Albertson’s Inc. v. Notale, 555 So.2d 946 (Fla. 1st DCA 1990); Eaton v. Pinebrook Place Health Care Center, 506 So.2d 1148 (Fla. 1st DCA 1987). The statute does not apply unless all of the criteria are satisfied. Ellis v. City of Frostproof, 642 So.2d 113 (Fla. 1st DCA 1994). Here, the JCC made specific findings supported by competent substantial evidence as to the first two elements but made no finding as to the third. The evidence is conflicting on the question of whether claimant would have remained a part-time worker during the period of disability.
On this question, the JCC need not depend entirely upon the claimant’s testimony as to her subjective future intent. Instead, the JCC must consider the totality of the circumstances, including claimant’s intent, prior work history, economic circumstances, and duration of any period of disability.
REVERSED and REMANDED.
ERVIN and BENTON, JJ., concur.