555 So.2d 946 (1990)
ALBERTSON'S INC., and Risk Administrators, Appellants,
v.
David NATALE, Appellee.
No. 88-2933.
District Court of Appeal of Florida, First District.
January 18, 1990.
*947 Michael L. Peterson of Thomas A. Moore, P.A., Orlando, for appellants.
Thomas G. Gergora of Hurt & Parrish, P.A., Orlando and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
NIMMONS, Judge.
The employer/carrier in this workers' compensation case challenges the judge's setting of the claimant's average weekly wage as well as the award of temporary partial disability benefits. We affirm in part, reverse in part, and remand.
Appellee is a college student who generally works part time. He attended a half year of college in the fall of 1986 and then went to work for Albertson's on a full-time basis in early 1987 with the understanding that he would change to part-time status upon returning to school in April or May 1987. During the 13 weeks before his May 9, 1987 injury he worked full time for the first 12 weeks and then shifted to part-time status just before his injury.
After his injury he engaged in an extensive job search and continued to attend school and work part time when he was able to secure employment. His practice of working part time while attending school caused a controversy over the proper calculation of AWW. The E/C maintained that appellee should be treated as a part-time worker, and his AWW adjusted downward, pursuant to Section 440.14(1)(f), Florida Statutes (1985).[1] The judge rejected this contention and calculated appellee's AWW by reference to the amount earned in the 13 weeks prior to his injury, without any *948 adjustment for part time status. See Section 440.14(1)(a).[2]
The judge awarded temporary partial disability (TPD) benefits.
Appellants allege, and appellee concedes, that the judge erred in awarding TPD for the period of February 24, 1988 through June 1, 1988 where appellee had requested such benefits only for the period of April 6 through June 1. We agree with appellee that this is the sort of easily correctable technical error which should be brought to the attention of the judge in a motion for rehearing, and therefore decline to disturb the award. Fla.W.C.R.P. 4.141; Austen Construction Management Corp. v. Waters, 508 So.2d 763 (Fla. 1st DCA 1987); Juma Construction v. Villanueva, 437 So.2d 715 (Fla. 1st DCA 1983); Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).[3]
We also affirm the refusal of the judge to treat appellee as a part-time worker pursuant to Section 440.14(1)(f). Section 440.14(1)(a) directs that if a claimant has worked substantially all of the 13 weeks prior to his accident, as appellant has, then AWW shall be one-thirteenth of the total wages earned in that period. Where a claimant has been employed regularly for the 13-week period, his AWW must be calculated pursuant to Section 440.14(1)(a). Haynes v. Gordon Haynes State Certified General Contractors, Inc., 506 So.2d 471 (Fla. 1st DCA 1987).
It follows that the judge acted correctly in applying Section 440.14(1)(a); the question is whether the judge should then have proceeded to modify the calculation pursuant to Section 440.14(1)(f). We have previously found that Section 440.14(1)(f) is meant as a directive to the judge to utilize that subsection to modify the application of each of the basic compensation methods described in Section 440.14(1)(a)-(d), so as to avoid the unfairness of a part-time worker collecting compensation based on the wages of a full-time worker. Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982).
In order for a claimant to be classified as a part-time worker for the setting of AWW, the judge must find that each of the following three factors has been established by competent substantial evidence: (1) claimant was a part-time worker at the time of the injury; (2) claimant has adopted part-time employment as a customary practice; and (3) claimant would have remained a part-time worker during the period of the disability. Eaton v. Pinebrook Place Health Care Center, 506 So.2d 1148 (Fla. 1st DCA 1987).
The first two factors were clearly established by appellee's testimony, but we agree with the judge that the evidence does not establish that appellee would have remained a part-time worker during the period of the disability. Appellee, who is medically restricted from certain activities, has not yet reached MMI, and his treating physician expects that appellee will ultimately be left with a permanent impairment rating. Appellee's part-time status, on the other hand, is expected to continue only while he pursues his education. The judge therefore properly declined to apply Section 440.14(1)(f).
We find, however, that the judge erred in rejecting appellants' defense that *949 appellee voluntarily limited his income. Section 440.15(4)(b), Florida Statutes (1985) states in part:
In the event the employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the salary, wages, and other remuneration the employee is able to earn shall be deemed to be the amount which would have been earned if the employee did not limit his income or accepted appropriate employment.
If the claimant meets his initial burden of demonstrating a causal connection between his compensable injury and the claimed loss of wages, then the burden is shifted to the E/C to show that the claimant has refused work or voluntarily limited his income. Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982); Tampa Electric Company v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985). In Hillsborough County School Board v. Fliter, 539 So.2d 1145 (Fla. 1st DCA 1989), the claimant voluntarily limited her income by limiting her work search to part-time employment, and we affirmed the judge's reduction of the claimant's benefits and application of the deemed earnings principle to take into account the limitation of income. In the instant case, the evidence established through appellee's testimony that he has sought part-time employment so as to permit him to pursue his education. Accordingly, the evidence compels a finding that appellee has voluntarily limited his income and that the principle of "deemed earnings" is applicable.[4] We therefore reverse and remand with directions that the judge recalculate the amount of appellee's TPD award. As evidenced by our decisions in Anderson v. S & S Diversified, Inc., 477 So.2d 591 (Fla. 1st DCA 1985); Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320 (Fla. 1st DCA 1987), and Leffler v. Grand Union Company, 409 So.2d 1145 (Fla. 1st DCA 1982), the amount of the deemed earnings figure is to be determined by the judge upon the record evidence, including such further evidence as may be deemed necessary.
In sum, we REVERSE and REMAND with directions that the judge recalculate the amount of appellee's TPD award. The award is in all other respects AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Section 440.14(1)(f) states:

If it [is] established that the injured employee was a part-time worker at the time of the injury, that he had adopted part-time employment as his customary practice, and that under normal working conditions he probably would have remained a part-time worker during the period of disability, these factors shall be considered in arriving at his average weekly wages. For the purpose of this paragraph, the term "part-time worker" means an individual who customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment.
[2] Section 440.14(1)(a) states in part:

If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.
[3] Cf. Village Inn v. Aridi, 543 So.2d 778 (Fla. 1st DCA 1989), in which we stated:

We also reject the contention that the DC's determining an issue not properly placed into controversy is readily correctable, technical error that the E/C failed to attempt to have the DC rectify within the time available for correction. Such error must be the kind that could commonly be considered inconsequential. Department of Labor and Employment Security v. American Building Maintenance, 449 So.2d 932 (Fla. 1st DCA 1984). We cannot say that awarding future medical benefits where none were properly claimed and noticed is of no consequence.
[4] In order for the deemed earnings provision to be applicable, the claimant must meet his initial burden of establishing a prima facie showing of a causal connection between the compensable injury and the subsequent loss of income, without which he is not entitled to benefits. D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984). We reject appellant's argument that the evidence is insufficient to establish a causal connection between the compensable injury and appellee's subsequent loss of income.