NIMMONS, Judge.
The claimant appeals from the J.C.C.’s order asserting error in the denial of the claim for payment for elbow surgery, such payment being denied for the reason that it was not medically necessary. The claimant also challenges the J.C.C.’s application of deemed earnings for a two-week period in which the claimant did not conduct a good faith job search because of his asserted need to be available for trial in connection with a third-party tort claim arising out of the industrial accident. The employer/carrier cross-appeals the J.C.C.’s award of temporary benefits to the claimant for the same two-week period because the work search was not excused, as well as the J.C.C.’s finding that the claimant should receive benefits for additional surgery. The E/C also appeals the J.C.C.’s *1364 imposition of penalties for failing to file a notice to controvert and appeals the reservation of jurisdiction on the issue of interest and attorney’s fees.
In his order, the J.C.C. made the following finding:
During the period from August 3, 1986 through August 16, 1986, Claimant was Temporary Partial Disabled due to the effects of the accident sustained herein. Although Claimant made no job search during this period, the necessity for same should be excused for good cause shown, namely that Claimant was extensively engaged during such period in the third party litigation arising out of the subject accident. The doctrine of deemed earnings should therefore apply; Claimant’s deemed wages for such period are $135.00 per week (i.e. minimum wage) in view of claimant’s then existing symptoms and physical limitations as set forth in the medical reports. Employer/Carrier should pay Claimant Temporary Partial Benefits on such basis for said two (2) week period together with interest at 12% per annum from 8/16/86 until paid.
Under Section 440.15(4)(b), Florida Statutes (1989), the employee seeking temporary partial wage-loss benefits carries the burden of proof in showing that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident is due to the accident-related physical limitation and not due to economic conditions, the unavailability of employment, or his own misconduct. Further, if the employee voluntarily limits his income, it shall be presumed, absent contrary substantial evidence, that the sum the employee was able to earn during the period he voluntarily limited his income is the amount that he otherwise would have earned.
According to Brookings v. Hunzinger Construction, 512 So.2d 952 (Fla. 1st DCA 1987), in order to apply the deemed earnings provision, the J.C.C. is required to find that the employee voluntarily limited his income or failed to accept employment commensurate with his abilities. However, in the subject order, there were no findings to support the application of the deemed earnings provision since it was not determined whether the claimant voluntarily limited his income by not conducting a job search during the two weeks in which trial preparation for the third-party claim was ongoing. It is clear the E/C did not excuse the claimant from a work search during that two-week period. Yet the J.C.C. found the work search should be excused and also applied the deemed earnings provision. We reverse the J.C.C.’s order in that respect and remand for a determination of whether the claimant voluntarily limited his income, and thus deemed earnings should apply, or whether the job search should be excused. We affirm the J.C.C.’s order in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BARFIELD and ALLEN, JJ., concur.