629 So.2d 1088 (1994)
HYATT REGENCY WESTSHORE and Scott Wetzel Services, Appellants,
v.
Doug ROBINSON, Appellee.
No. 92-2554.
District Court of Appeal of Florida, First District.
January 12, 1994.
Christine L. Harter, Boehm, Brown, Rigdon, Seacrest & Fischer, Ocala, for appellants.
Stephen M. Barbas and L. Gray Sanders, Barbas, Weed, Glenn, Morgan & Wheeley, Tampa, for appellee.
WEBSTER, Judge.
In this workers' compensation case, the employer and servicing agent argue that the judge of compensation claims erroneously only deemed earnings against claimant's wage-loss benefits in the amount of $200.00 per week for three biweekly periods and $260.00 per week for another three biweekly periods, and assessed interest and costs on all past-due benefits. We reverse.
The judge of compensation claims found that claimant had unreasonably refused two jobs offered by the employer, both of which claimant was physically and vocationally able to perform. He then deemed earnings against claimant of $200.00 per week for three biweekly periods on account of the first job offer, and $260.00 per week for three biweekly periods on account of the second job offer, reducing claimant's wage-loss benefits accordingly, pursuant to section 440.15(3)(b)2., Florida Statutes (Supp. 1990).
The employer and servicing agent filed a motion for rehearing, in which they argued that the judge of compensation claims should have applied section 440.15(6), which reads: "If an injured employee refuses employment suitable to the capacity thereof, offered to or procured therefor, such employee shall not be entitled to any compensation at any time during the continuance of such refusal unless at any time in the opinion of the judge of compensation claims such refusal is justifiable." According to the employer and servicing agent, section 440.15(6) barred claimant's entitlement to any wage-loss benefits *1089 for as long as either job remained available. The judge of compensation claims denied the motion for rehearing on the ground that the applicability of section 440.15(6) had not been timely raised, prior to entry of the order on compensation. Our review of the record satisfies us that that ruling is correct, because the section 440.15(6) defense was not presented with clarity prior to the motion for rehearing. E.g., Bay Automotive v. Allaire, 593 So.2d 589 (Fla. 1st DCA 1992). Accordingly, we decline to address the applicability of section 440.15(6).
To the extent relevant, section 440.15(3)(b)2. reads:
[B]eginning on the 13th week after the employee has attained maximum medical improvement, if an employee does not obtain and maintain employment, the employer may show that the salary, wages, and other remuneration the employee is able to earn is [sic] greater than zero by proving the existence of actual job openings within a reasonable geographical area which the employee is physically and vocationally capable of performing, in which case the amount the employee is able to earn may be deemed to be the amount the judge of compensation claims finds that the employee could earn in such jobs. The amount deemed shall be applied against the next three biweekly payments.
Pursuant to the terms of the statute, commencing on the thirteenth week after an employee has reached maximum medical improvement, deemed earnings are to be applied against the employee's next three biweekly wage-loss-benefit payments if the employer is able to show the existence of an available job within the employee's physical and vocational limitations, and within reasonable geographic proximity. The employer and servicing agent argue that the judge of compensation claims erred by deeming earnings for only three biweekly periods as to each job, because the evidence established that each job remained open and available to claimant for more than six consecutive weeks. Claimant responds that the decision is correct because the employer was required to reoffer each job to claimant at 6-week intervals before it could claim continued applicability of the deemed earnings provision, and the employer failed to do so.
Clearly, the burden is on the employer to establish for each applicable period that the employee has voluntarily limited his or her income, by showing that at least one job opening existed within the employee's physical and vocational limitations, and within reasonable geographic proximity. E.g., Church's Fried Chicken v. Maloney, 599 So.2d 706 (Fla. 1st DCA 1992). Equally clearly, the judge of compensation claims is required to make findings regarding whether, for each applicable period, the employee has voluntarily limited his or her income. E.g., Bado v. Canteen Corp., 513 So.2d 1364 (Fla. 1st DCA 1987). However, we are unable to find in either section 440.15(3)(b)2. or the case law any support for claimant's argument that the employer must reoffer a job every six weeks before it can assert its right to application of the deemed earnings provision. On the contrary, we are of the opinion that both the statute and the case law support the conclusion that the employer need only establish the continued availability of the job in order to trigger its right to application of the deemed earnings provision.
The employer and servicing agent argue that the record establishes that each of the jobs offered to claimant remained available for more than six consecutive weeks. However, the judge of compensation claims made no findings in that regard. Because the evidence appears to us to be in dispute, we are constrained to reverse and remand to the judge of compensation claims for further findings regarding the continued availability of each job, and application of the deemed earnings provision accordingly, consistent with this opinion. Such findings should be made on the basis of the record, without the presentation of additional evidence. We likewise reverse the award of interest and costs, and remand for further consideration after entry of the order on remand contemplated by this opinion.
REVERSED and REMANDED, with directions.
BARFIELD and ALLEN, JJ., concur.