647 So.2d 203 (1994)
SOUTH FLORIDA WATER MANAGEMENT DISTRICT and Johns Eastern Company, Inc., Appellants/Cross-Appellees,
v.
Louis CIACCI, Appellee/Cross-Appellant.
No. 92-2458.
District Court of Appeal of Florida, First District.
July 19, 1994.
*204 Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants/cross-appellees.
Jerold Feuer, Miami, for appellee/cross-appellant.
PER CURIAM.
This appeal and cross-appeal arise from an order of the judge of compensation claims (JCC) accepting claimant Louis Ciacci's injuries as compensable and ordering various benefits, including temporary partial disability and wage loss, to be paid by the employer and carrier (E/C). The E/C raise three issues on appeal. We find competent, substantial evidence to support the JCC's order on all three issues and affirm without further discussion.
On cross-appeal, claimant raises three issues: (1) whether the JCC erred in applying the "deemed earnings" provision to claimant's wage-loss benefits; (2) whether the JCC erred in applying the deemed earnings provision after applying the notice provision for a work search under the 1990 version of section 440.15, Florida Statutes, when claimant was injured in February of 1990; and (3) whether the JCC erred in allowing social security retirement benefits to offset a retroactive award of wage-loss benefits to claimant. We find the issues on cross-appeal merit discussion and, as such, address them below.
In her final order, the JCC found that claimant was entitled to wage-loss benefits as a result of his work-related accident. The JCC supported this finding by stating:
The claimant has met his statutory burden of proof by adducing evidence of an unavailing work search, sufficiently extensive and intensive, which reasonably permits the conclusion that the claimant's inability to obtain employment or earn as much as he did at the time of his industrial accident, is due to physical limitations related to his industrial accident, and not because of economic conditions or the general unavailability of employment... . Since the claimant affirmatively demonstrated at the hearing that he has sustained an economic loss and a change in employment status, both of which are due to the effects of the industrial injury ... the burden then shifted to the employer/servicing agent to present affirmative proof that the claimant refused work or voluntarily limited his income. The employer/servicing agent did not meet this burden.
Following the award of wage loss, the JCC determined that the award would be reduced under the deemed earnings provision. This determination was apparently based on evidence that claimant intended to work at a lower paying position after retirement.[1] We *205 hold that the JCC erred in this regard because the order does not support application of the deemed earnings provision.
In order for the deemed earnings provision to apply, the employee must have voluntarily limited his income, failed to accept employment commensurate with his abilities, or have been terminated from employment by his own misconduct. §§ 440.15(3)(b)2 and (4)(b), Fla. Stat. (1989). In Walker v. Heavy Machinery Tool & Transporters Inc., 576 So.2d 1363 (Fla. 1st DCA 1991), this court held that the JCC is required to find that the employee voluntarily limited his income or failed to accept employment commensurate with his abilities.
In the instant case, the JCC found that claimant neither refused to accept employment commensurate with his abilities nor voluntarily limited his income.[2] The JCC's order, which negates the basis for application of the deemed earnings provision, nonetheless applies that provision. As a result, the order is internally inconsistent. Because of this inconsistency and because the record suggests that claimant may have voluntarily limited his income, we reverse and remand for further clarification in accordance with the above-cited authorities. On remand, we remind the JCC that the amount of deemed earnings is the amount that would have been earned if the employee had not limited his income, not the amount claimant voluntarily decides to earn. §§ 440.15(3)(b)2 and 440.15(4)(b), Fla. Stat. (1989).
As to the second issue on cross-appeal, we hold the alleged error to be harmless. Any misapplication of law as to the notification of a work-search requirement could not have affected the JCC's decision to apply the deemed earnings provision. As stated above, the JCC appears to have applied the deemed earnings provision because the claimant somehow voluntarily limited his income. This limitation of income was unrelated to claimant's work search, which the JCC found to be legally sufficient.
Finally, as to the third issue on cross-appeal, the JCC permitted the E/C to offset the retroactive award of wage loss with claimant's social security retirement benefits, even though the E/C did not assert the right to offset until the pretrial stipulation on March 24, 1992. We hold the JCC erred.
This court previously held in Horton v. Martin Memorial Hospital, 610 So.2d 1352 (Fla. 1st DCA 1992), that section 440.15(9)(c), Florida Statutes,[3] does not authorize entry of an order for recovery of excess compensation benefits paid during a period in which the E/C should have reduced them on account of contemporaneous social security payments, but did not. Horton, supra at 1354-1355; quoting Department of Transportation, Division of Risk Management v. Lindsey, 383 So.2d 956 (Fla. 1st DCA 1980). The right to offset may not be exercised retroactively, and an E/C may reduce compensation benefits to account for social security benefits only prospectively, as of the date it exercises their right under section 440.15(9)(c). Horton, supra at 1355; quoting Burley v. Santa Fe Community College, 393 So.2d 1185 (Fla. 1st DCA 1981). Thus, the JCC erred in retroactively offsetting social security retirement benefits prior to the E/C exercising their right to offset.
In their brief, the E/C argue that in order to have a proper offset right, there must be uncontroverted benefits to actually offset, and since the E/C did not pay any benefits to claimant, there was no opportunity to truly assert the right of offset. We reject this argument since it would reward the E/C for failing to pay benefits they were legally obligated to pay. We reverse the retroactive offset award and remand with directions for the JCC to order the E/C to offset claimant's wage-loss benefits only from March 24, 1992 forward.
In sum, we affirm the JCC's order as to the E/C's appeal and on claimant's second issue on cross-appeal. We reverse and remand *206 on claimant's first and third cross-appeal issues consistent with this opinion.
BOOTH, MINER and WOLF, JJ., concur.
NOTES
[1] Claimant planned to earn the maximum amount permitted by law ($124 per week) and still receive social security retirement benefits.
[2] There is no evidence that claimant had been terminated from employment by his own misconduct.
[3] Formerly section 440.15(10)(c), Florida Statutes.