659 So.2d 341 (1995)
DELCHAMPS and General Adjustment Bureau, Appellants/Cross-Appellees,
v.
Kimberly D. PAGE, Appellee/Cross-Appellant.
No. 93-3578.
District Court of Appeal of Florida, First District.
April 11, 1995.
*342 Stephen T. Holman of Bridgers, Gill & Holman, Pensacola, for appellants.
John P. Moneyham of John P. Moneyham, P.A., Panama City, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
PER CURIAM.
This appeal and cross-appeal arise from an order entered by the Judge of Compensation Claims (JCC) granting certain workers' compensation benefits to the claimant, Kimberly D. Page. The employer/carrier has raised three issues on appeal. Because competent substantial evidence supports the JCC's findings and conclusion that the claimant's condition was causally related to her 1991 industrial accident, we affirm on all three issues without discussion.
On cross-appeal, the claimant raises two issues, both of which merit discussion: (1) whether the JCC erred in denying temporary total disability (TTD) and/or temporary partial disability (TPD) benefits for the period of October 20, 1992, through December 7, 1992; and (2) whether the JCC erred in applying the deemed earnings provision of section 440.15, Florida Statutes, against the claimant's entitlement to TPD benefits after January 31, 1993.
As to the first issue, the JCC failed to make any findings concerning the request for TTD or TPD benefits for October 20 through December 7. The record appears to support the claimant's entitlement to such benefits; indeed, she received TTD benefits for the period of December 7, 1992, through January 31, 1993. Nevertheless, because the JCC made no findings regarding her entitlement to benefits for the period in question, we must remand.
The second issue raised on cross-appeal involves the application of the deemed earnings provision of section 440.15(4)(b), Florida Statutes, to the claimant's entitlement to TPD benefits after January 31, 1993, and until July 15, 1993, the date of the hearing. The JCC determined that the claimant met her initial burden of showing a causal relationship and specifically found that she was entitled to temporary partial compensation from February 1, 1993, through July 15, 1993, the date of the hearing. The JCC then applied the deemed earnings provision of section 440.15(4)(b) as an offset against her entitlement to benefits because no medical verification existed as to total disability after January 31, 1993, and the claimant's failure to work 20 hours per week constituted voluntary limitation of income. Because the E/C failed to satisfy its burden of proof on this issue, we reverse the JCC's application of the deemed earnings provision.
*343 The statute provides that if an employee voluntarily limits his income, fails to accept employment commensurate with his abilities, or is terminated from employment because of his own misconduct, then:
[I]t shall be presumed, in the absence of substantial evidence to the contrary, that the salary, wages, and other remuneration that the employee was able to earn for such period ... is the amount which would have been earned if the employee had not limited his income or failed to accept appropriate employment or had not been terminated from employment due to his own misconduct."
§ 440.15(4)(b), Fla. Stat. (1991). According to the case law construing this provision, once a claimant has satisfied the initial burden of demonstrating a causal connection between the compensable injury and the subsequent loss of income, the burden shifts to the E/C to prove the claimant refused to work or voluntarily limited her income. Albertson's, Inc. v. Natale, 555 So.2d 946, 949 (Fla. 1st DCA 1990); see Church's Fried Chicken v. Maloney, 599 So.2d 706, 710 (Fla. 1st DCA 1992) (construing deemed earnings provision in section 440.15(3)(b); E/C has burden to show "appropriate employment was available and claimant refused an available job within his restrictions during the relevant period of the award"). If the E/C fails to carry its burden, the deemed earnings provision should not apply. Church's Fried Chicken, 599 So.2d at 709.
In this case, the record shows that the claimant discontinued working at Delchamps because she could not perform her job due to physical difficulties causally related to her industrial accident; indeed, she received a medical excuse from work until January 31, 1993. Although the claimant testified that she believed she was still employed by Delchamps, the E/C presented no evidence to show that suitable employment was available to her at any time after January 31. At the hearing, the manager at Delchamps testified that he would be willing to find a job for the claimant within her physical limitations if she is willing to work. No one from Delchamps, however, contacted the claimant after her last day at work in December 1992 to inform her that a position was available for her within her physical limitations. Although the employer need not call a claimant every week and reoffer her a job or tell her that her job is still available, the employer must show that at least one job opening existed within the employee's physical limitations. Hyatt Regency Westshore v. Robinson, 629 So.2d 1088, 1089 (Fla. 1st DCA 1994). Thus, by not proving that Delchamps ever informed the claimant that it could accommodate her physical limitations, the E/C failed to show that Page refused appropriate, available employment after January 31.
In addition, it is not apparent from the record that the claimant knew she was released to return to work after January 31. The medical records of the treating physician contain a note that the claimant was to remain off work through January 31, but it is not clear whether she actually received this note or was ever informed that she was released to work after January 31. At the hearing, the claimant testified that she was not working because her doctor told her not to work and to stay off work until she received treatment. In the absence of proof that the claimant was informed that she was released to work or that she should have known she was released to work, she cannot be denied benefits, even assuming retrospective testimony that she could have worked during this period. See Garcia-Vina v. U.S. Holiday Health & Recreation, 634 So.2d 200, 201 (Fla. 1st DCA 1994); Charles v. Suwannee Swifty, 622 So.2d 114, 115 (Fla. 1st DCA 1993).
Therefore, for the reasons explained above, the JCC erred in applying the deemed earnings provision to offset the claimant's benefits for the period from January 31, 1993, through July 15, 1993, the date of the hearing. Accordingly, we reverse that portion of the order with instructions to delete the deemed earnings offset.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.