667 So.2d 235 (1995)
BEN BROWN PAINTING CONTRACTORS and Nationwide Insurance Company, Appellants,
v.
Frank POOLE, Appellee.
No. 94-3855.
District Court of Appeal of Florida, First District.
August 23, 1995.
*236 Susan Sapoznikoff Foltz of Granger, Santry, Mitchell & Heath, P.A., Tallahassee, for appellants.
Steve M. Watkins, III, Tallahassee, for appellee.
PER CURIAM.
Employer/carrier (E/C) appeal from an order of the Judge of Compensation Claims (JCC) which awards benefits to the claimant. Although E/C raise three issues on appeal and claimant raises three issues on cross appeal, only two matters merit correction.
E/C contend that the JCC erred in ordering them to provide an orthopedic evaluation where such evaluation or treatment was not sought by claimant. We agree. The parties never raised the issue of an orthopedic evaluation or treatment. Claimant was only seeking additional chiropractic care. Accordingly, we strike the provision requiring E/C to "authorize an orthopedic physician to evaluate and treat claimant's conditions, if necessary, for the injuries he sustained in this industrial accident." See Eastern Airlines v. Becker, 644 So.2d 610 (Fla. 1st DCA 1994) (JCC should not have addressed issue of authorization of doctor for future medical care because parties did not present issue), and Southeast Recycling v. Cottongim, 639 So.2d 155 (Fla. 1st DCA 1994) (JCC may not sua sponte raise an issue, such as the need for chiropractic care, based upon his own personal beliefs; due process concerns preclude a ruling on matters which have not been placed at issue).
On cross-appeal, claimant raised, among other things, the denial of temporary partial disability (TPD) benefits. Competent substantial evidence supports the denial of TPD benefits for the period before February 14, 1994, when claimant first saw his chiropractor who placed him on light duty work. The JCC erred, however, in denying the award of TPD for the period after that date. The JCC denied benefits after that date on a finding that claimant failed to conduct a job search or, in the alternative, because the employer would be entitled to "deemed earnings since claimant was physically capable of some gainful employment but didn't even attempt any employment." Neither reason has merit. Claimant was excused from a work search because he testified without contradiction that E/C did not advise him of his work search obligation.
The JCC's alternate theory that the deemed earning provision applies also fails. In a recent case construing section 440.15(4)(b), Florida Statutes, we held: "once a claimant has satisfied the initial burden of demonstrating a causal connection between the compensable injury and the subsequent loss of income, the burden shifts to the E/C to prove the claimant refused to work or voluntarily limited her income" (citations omitted). Delchamps v. Page, 20 Fla. L. Weekly D941, D942 (Fla. 1st DCA April 11, 1995). The employer must show that at least one job opening existed within claimant's physical limitations. Id.; Hyatt Regency Westshore v. Robinson, 629 So.2d 1088, 1089 (Fla. 1st DCA 1994). E/C failed to meet this burden.
Accordingly, we strike the orthopedic evaluation and treatment provision, reverse the denial of TPD benefits after February 14, 1994, and affirm the order on all other issues.
*237 AFFIRMED in part; REVERSED in part.
ZEHMER, C.J., and ALLEN and KAHN, JJ., concur.