ERVIN, Judge,
concurring and dissenting.
Although I concur in most of the majority’s decision, I write to express my disagreement with that portion affirming the application of deemed earnings for the period from September 30, 1994, through October 31, 1994. I would reverse the application of deemed earnings for that one-month period, because the employer and its insurance carrier (collectively, the E/C) failed to satisfy their burden in regard to the application of the deemed earnings provision.
The evidence was undisputed that Donahue could not return to his former employment as a truck driver because of his compensable injuries. Because Donahue satisfied his burden of showing that his compensable physical limitation was a causative factor of his wage loss, the burden shifted to the E/C to show the contrary. Tampa Elec. Co. v. Bradshaw, 477 So.2d 624, 629 (Fla. 1st DCA 1985).
The only evidence the E/C offered to satisfy its burden was that Donahue refused to perform a full-time job offered him in the parts room. Nevertheless, the record demonstrates, and the E/C concedes, that the job was no longer available after Donahue’s termination on September 30, 1994, because he was replaced with another individual who could perform the job. Thus, the E/C failed to satisfy its burden. See Delchamps v. Page, 659 So.2d 341, 343 (Fla. 1st DCA 1995) (E/C must show that at least one job opening *1219 existed -within the employee’s physical limitations); Hyatt Regency Westshore v. Robinson, 629 So.2d 1088, 1089 (Fla. 1st DCA 1994) (employer need not continually reoffer job, but employer needs to establish the continued availability of the job in order to trigger its right to application of the deemed earnings provision).
Because nothing in section 440.15(3)(b), Florida Statutes (Supp.1988), or the cases the E/C cited, Bright v. City of Tampa, 546 So.2d 1122 (Fla. 1st DCA 1989); Bado v. Canteen Corp., 513 So.2d 1364 (Fla. 1st DCA 1987); Wilson v. Volusia County School Board, 513 So.2d 671 (Fla. 1st DCA 1987) (Wentworth, J., concurring), support application of deemed earnings for periods in which the claimant has met his or her burden and the E/C has not, I would reverse the application of deemed earnings after Donahue’s termination on September 30, 1994. Moya v. Palm Beach County Sch. Bd., 627 So.2d 1307 (Fla. 1st DCA 1993).