917 So.2d 276 (2005)
Kim FARDELLA, Appellant,
v.
GENESIS HEALTH, INC. d/b/a Brooks Health System and Commercial Risk Management, Inc., Appellees.
No. 1D05-0376.
District Court of Appeal of Florida, First District.
December 19, 2005.
*277 George D. Rotchford of Rotchford & Betancourt, P.A., and David A. McCranie of McCranie & Lower, P.A., Jacksonville, for Appellant.
Curt L. Harbsmeier of Harbsmeier, De Zayas, Appel, Harden & De Bari, LLP, Lakeland, for Appellees.
ERVIN, J.
Kim Fardella (claimant) appeals a workers' compensation order in which the judge of compensation claims (JCC) denied certain requested temporary indemnity benefits. We affirm the denial of temporary total or temporary partial disability (TPD) benefits from August 12, 2003, through September 16, 2003, because such determination is supported by competent, substantial evidence based upon the opinion testimony of Dr. Paulo Montiero, a neurosurgeon, who opined that as of July 21, 2003, claimant was at maximum medical improvement with no permanent impairment and no work restrictions. We also affirm the JCC's denial of claimant's request for additional TPD benefits from September 17, 2003, through February 14, 2004, but reverse the denial of such benefits from February 14, 2004, through June 1, 2004.
As for the JCC's denial of additional TPD benefits for the period from September 17, 2003, through February 14, 2004, the date claimant was terminated from employment and the employer/carrier (E/C) ceased paying benefits, Fardella argues the JCC erred in concluding that she had voluntarily limited her income for such period under section 440.15(4)(b), Florida Statutes, because the legislature had deleted such defense from the statute as of January 1, 1994, and thus the defense and its deemed-earnings provision no longer existed when claimant was injured on June 24, 2003. During the time in question, the E/C paid claimant TPD benefits, consistent with the opinion of Dr. Adria Johnson, a pain-management and rehabilitation specialist, who stated that claimant was capable of working 20 hours per week with restrictions.
Although we agree with claimant that the JCC erroneously relied on case law that had construed the statute as it existed before its amendment, i.e., Delchamps v. Page, 659 So.2d 341 (Fla. 1st DCA 1995), and South Florida Water Management District v. Ciacci, 647 So.2d 203 (Fla. 1st DCA 1994), nonetheless, the JCC's denial was supported by medical evidence disclosing that claimant had the capacity to earn no less than the amount of temporary indemnity benefits actually paid her during such time. As this court noted in Vencor Hospital v. Ahles, 727 So.2d 968, 969 (Fla. 1st DCA 1998), the amended version of section 440.15(4)(a), Florida Statutes, continues to allow an E/C to compute TPD benefits based upon what a claimant is able to earn, rather than what he or she actually earns, in that the statute pins remuneration on what "the employee is able to earn" postinjury.
We reverse, however, the JCC's denial of any temporary disability benefits from the period February 14, 2004, through June 1, 2004, the date of the hearing, because such denial was grounded neither on the facts presented nor the applicable law. In reaching his determination, the JCC erroneously relied on the provisions of section 440.15(4)(e), Florida Statutes (2003), barring an employee from TPD benefits if he or she "is terminated *278 from postinjury employment based on the employee's misconduct." Such provision did not take effect until October 1, 2003, after the date of claimant's injury on June 24, 2003. A statutory provision that completely bars a claimant from receiving indemnity benefits based upon conduct at work is clearly substantive in its effect, and has no relation to a procedural provision that only imposes a statutory penalty. See Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960).
The JCC additionally erred in relying on section 440.15(6), Florida Statutes (2003), which bars an employee from entitlement "to any compensation at any time during the continuance of [the employee's refusal of employment suitable to his or her capacity] unless at any time in the opinion of the judge of compensation claims such refusal is justifiable." This court has emphasized that the above provision "applies only during the continuance of the refusal." A. Duda & Sons, Inc. v. Kelley, 900 So.2d 664, 669 (Fla. 1st DCA 2005). By its terms, subparagraph (6) has no application to claimant's request for benefits from February 14, 2004, through June 1, 2004, because, following her termination from employment, she no longer continued to refuse work the employer had offered her. Indeed, even if she had been terminated for misconduct, she might still be entitled to TPD benefits if she were able to show a causal connection between the compensable injury and the loss of income. See Stewart v. CRS Rinker Materials Corp., 855 So.2d 1173 (Fla. 1st DCA 2003); Jefferson v. Wayne Dalton Corp., 793 So.2d 1081 (Fla. 1st DCA 2001). On remand, the JCC is directed to determine claimant's entitlement to TPD benefits without applying the provisions of sections 440.15(4)(e) and 440.15(6).
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS and BENTON, JJ., concur.