943 So.2d 993 (2006)
Donald LALONDE, Appellant/Cross-Appellee,
v.
CHECKER'S DRIVE-IN RESTAURANTS, INC., and Specialty Risk Services, Inc., Appellees/Cross-Appellants.
No. 1D05-3160.
District Court of Appeal of Florida, First District.
December 12, 2006.
Paul S. Adams, Fort Lauderdale, for Appellant/Cross-Appellee.
Kimberly A. Hill of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellees/Cross-Appellants.
PER CURIAM.
This is an appeal of a final order of the Judge of Compensation Claims (JCC). We affirm all issues raised by Claimant, but reverse both issues raised on cross-appeal.
On cross-appeal, Appellees (E/C) first argue that the JCC erred in awarding temporary total disability (TTD) benefits from April 9, 2002 through November 4, 2002. Although Claimant admitted he was working a reduced number of hours during this period, the JCC awarded TTD benefits after finding that Claimant's treating *994 physician mistakenly placed him on no-work status. In Garcia-Vina v. U.S. Holiday Health and Recreation, the claimant incorrectly believed that he could not work, thus, he did not; this court explained that a claimant may be entitled to TTD benefits when he is informed that he cannot work, even if this information is error and medical evidence later establishes that the claimant could have, in fact, worked. 634 So.2d 200, 201 (Fla. 1st DCA 1994). However, temporary total disability, by definition, is "total in character, but temporary." § 440.15(2)(a), Fla. Stat. (2002). Because Claimant was working, albeit at a reduced number of hours, he did not have a disability that was total in character. There is no competent, substantial record evidence establishing that Claimant believed he could not work; therefore, the JCC erred in awarding TTD benefits.
Further, the JCC found that Claimant reached maximum medical improvement on July 1, 2002; therefore, it was error to determine that Claimant was entitled to TTD benefits following attainment of maximum medical improvement. Under the plain language of section 440.15(2)(a), TTD benefits cease when the employee reaches maximum medical improvement.
We find, however, that because Claimant was working a reduced number of hours, he may be entitled to temporary partial disability (TPD) benefits for the period before reaching maximum medical improvement. See Fardella v. Genesis Health, Inc., 917 So.2d 276, 277 (Fla. 1st DCA 2005) (holding that claimant was not entitled to TPD benefits after reaching MMI). Therefore, we remand for factual findings regarding Claimant's reduction in hours and entitlement to TPD benefits under section 440.15(4), Florida Statutes (2002).
We further find that the JCC erred in failing to rule on E/C's defense of fraud raised under sections 440.09 and 440.105, Florida Statutes (2002). Both parties agree that fraud was an issue in this case and that Claimant's false statements affect his eligibility to TPD benefits; therefore, on remand, the JCC should consider whether Claimant knowingly made false, fraudulent, or misleading statements for the purpose of obtaining workers' compensation benefits. § 440.105(b), Fla. Stat. (2002).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WOLF, PADOVANO and THOMAS, JJ., concur.