PER CURIAM.
Dennis Whitaker, the claimant below, challenges a workers’ compensation order which denies indemnity benefits on the ground that the claimant voluntarily left his job. For the reasons that follow, we affirm, in part, and reverse, in part, and remand for further proceedings.
Whitaker, a truck driver, slipped while making a delivery on February 17, 2005. Although North American Tank Lines, Inc., and CNA Insurance Company, jointly the employer/carrier, appellees, denied that the resulting shoulder injury was compensable, the Judge of Compensation Claims (JCC) found that claimant sustained a compensable injury from the slip. In so finding, the JCC explicitly accepted the testimony as to how the accident occurred, the timeliness with reporting the accident, and extent of Whitaker’s injuries. Further, the JCC explicitly accepted the testimony of Whitaker’s treating physicians, Fabio F. Fiore, M.D., as to the nature of claimant’s workplace injury and as to his opinion that the slip at work was the major contributing cause of the injury; and Lawrence Halperin, M.D., as to his opinion that the workplace accident was the major contributing cause of the shoulder injury and need for treatment. The representative of the employer/carrier who testified below denied having knowledge of the workplace accident or the resulting injury. The JCC, however, did not accept the employer/carrier’s testimony relating to the failure of claimant to report the accident and injury.
Whitaker testified that he left the employer because he could no longer perform the work of a tanker truck driver, but that, after his shoulder was repaired, he intended to return to work. The employer raised the affirmative defense that Whitaker voluntarily left his employment. The JCC awarded medical benefits to Whitaker. The JCC denied the claim for temporary partial disability benefits, however, finding that Whitaker “voluntarily left his job.” At the same time, the JCC found that Whitaker “did have restrictions relative to his right shoulder which did prevent him from returning to his past occupation as a truck driver.” The JCC accepted the claimant’s testimony as more credible than the employer’s witness.
We find this case is controlled by Myers v. Hillsborough County School Board, 911 So.2d 851, 852 (Fla. 1st DCA 2005). There we held that there was no competent, substantial evidence that the claimant therein voluntarily limited his income when he left his position. The claimant in Myers testified that “he quit only because his supervisors required him to work outside his medical restrictions, leading to painful, recurrent, medical complications.” Id. at 852. Similarly, in the ease before us, the JCC found that the claimant suffered a compensable accident, timely reported it, and that while the claimant returned to work “as long as he could,” claimant continued to suffer “problems ... in performing his job which, in his opinion, made it impossible and unsafe for him to continue driving. Eventually, claimant reached the realization that he could no longer perform the work as a truck driver.” As noted, here the JCC accepted the opinion of claimant’s treating physician that claimant was restricted from using his right upper extremity and that this restriction would *1267 apply from the date of the accident forward.
We held in Myers that, when an employer and carrier raise the affirmative defense of voluntary limitation of income, the employer and carrier have the burden of proving that at least one job existed within claimant’s limitations. Myers, 911 So.2d at 852, citing Ben Brown Painting Contractors v. Poole, 667 So.2d 235, 236 (Fla. 1st DCA 1995). As in Myers, the employer and carrier here made no such showing. Accordingly, the JCC erred in denying indemnity benefits on the ground that claimant voluntarily limited his income. We therefore reverse the denial of such benefits and remand the cause to the JCC for an award of temporary benefits. The order is in all other respects affirmed.
REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings consistent with this opinion.
BARFIELD, VAN NORTWICK, and PADOVANO, JJ., concur.