# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2087

_____

FREDERICK CLARKE,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
FINANCIAL SERVICES/ THE
DIVISION OF RISK MANAGEMENT,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
E. Douglas Spangler, Judge.

Date of Accident: October 10, 2003.

July 23, 2019

PER CURIAM.

In this workers' compensation appeal, Claimant raises three issues. Because competent substantial evidence supports the denial of permanent total disability (PTD) benefits, we affirm the that issue without further comment. We find merit in Claimant's remaining two issues — whether the JCC erred in denying his claim for temporary partial disability (TPD) benefits and whether the JCC erred in denying his related claim for the payment of penalties and interest, as well as attorney's fees and costs from the Employer/Carrier (E/C).

## Background

In 2003, Claimant injured his neck when a service elevator at Raymond James Stadium came down and hit him on the head when he was assisting the Tampa Police Department in a pre-game sweep of the stadium for bombs. Claimant subsequently underwent a cervical discectomy and fusion in March 2004 under the care of Dr. Amann. Claimant was thereafter referred by Dr. Amann for pain management treatment that began in 2005 under the direction of Drs. Khan and Vargas and continued through at least the time of the February 2018 hearing. Claimant also developed psychiatric symptoms, diagnosed as depression, that required a course of treatment that began in March 2014 with Dr. Pandya.

As found by the JCC, Dr. Amann opined that Claimant reached neurosurgical maximum medical improvement (MMI) in June 2010, assigned an 8% permanent impairment rating, and assigned permanent work restrictions. Dr. Vargas testified that Claimant reached MMI from a pain management perspective in September 2017, assigned a 10% permanent impairment rating, and also assigned permanent work restrictions. Dr. Pandya opined that Claimant would reach MMI on February 13, 2018, five days post-hearing, and did not assign any permanent psychiatric restrictions. Thus, Claimant reached overall MMI on February 13, 2018.

After Claimant's release to return to work following his cervical surgery, he worked for several employers. The TPD claim at issue arose following the end of Claimant's employment with his last employer, Mike's Golf Carts, on June 30, 2014. While employed there, Claimant was paid an average of $100 per week. Claimant took off work at the end of June 2014 to attend to matters relating to his father's death, and there was no job available at Mike's Golf Carts on his return. Claimant received temporary benefits at various times since his injury, with the last payment concluding on June 30, 2014. Claimant has not worked since that date.

The JCC denied the claim for payment of TPD benefits in their entirety from July 1, 2014, and thereafter, on grounds Claimant voluntarily limited his income by not working. Accordingly, the

JCC also denied the claims for payment of penalties and interest as well as E/C-paid costs and attorney's fees.

Analysis

A JCC's findings in regard to a claim for TPD benefits are reviewed for competent substantial evidence. *See Wyeth/Pharma Field Sales v. Toscano*, 40 So. 3d 795 (Fla. 1st DCA 2010). Whether the JCC used the correct legal standard is reviewed de novo. *See Banks v. Allegiant Sec.*, 122 So. 3d 983, 985 (Fla. 1st DCA 2013) ("Our review of an erroneous application of the law is de novo. Application of an incorrect rule of law is reversible error.") (citation omitted).

In *Toscano* we addressed an employer/carrier's affirmative defenses to claims for payment of TPD benefits. Noting that

> [a]lthough the express "voluntary limitation of income" defense has been removed from the statute, section 440.15(4)(a) "pins remuneration on what the employee 'is able to earn' post-injury." *Fardella v. Genesis Health, Inc.*, 917 So. 2d 276, 277 (2005). Additionally, this court has analogized the statutory defense of "refusal of suitable employment" found in section 440.15(6) to a voluntary limitation of income defense. *See Moore* [*v. Servicemaster Commercial Servs.*], 19 So. 3d [1147,] 1152 [(Fla. 1st DCA 2009)] (holding, although an employer is not required to continually reoffer a job to avail itself of statutory defenses based on an unjustified voluntary limitation of income, the employer must establish the continued availability of the job for each applicable period to obtain the continued benefit of the defense).

40 So. 3d at 801.

Here, the JCC made no findings as to whether a job was available to Claimant when he returned to Florida. The JCC's order recited Claimant's work history since the date of the accident. But without more, this does not rise to the level of a finding that Claimant refused suitable employment. The E/C argued in their brief and at oral argument that there was a break in the causal connection between Claimant's workplace injury and

3

any loss of earnings. While there is support for this argument in the record, the JCC did not make any findings on the break in causal connection, and we cannot do so on appeal. *See Featured Props., LLC v. BLKY, LLC*, 65 So. 3d 135, 137 (Fla. 1st DCA 2011) (holding that an appellate court cannot make factual findings).

As explained in *Bueno v. Workman*, 20 So. 3d 993, 998 (Fla. 4th DCA 2009), we "cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so." Because the JCC failed to use the correct legal standard in evaluating Claimant's claim for TPD benefits, we reverse and remand for further findings. If the Claimant is found to have refused "employment suitable to" his capacity, section 440.15(6), Florida Statutes (2003), applies. However, if Claimant is found to have left his employment at Mike's Golf Carts "without just cause" then TPD benefits "shall be payable based on the deemed earnings" of Claimant just as if "he had remained employed." § 440.15(7), Fla. Stat. (2003).

Accordingly, we AFFIRM the denial of PTD benefits, REVERSE the denial of TPD benefits, penalties, interest, costs, and attorney's fees, and REMAND for proceedings consistent with this opinion.

WOLF, LEWIS,[*] and BILBREY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Pat T. DiCesare, II, Lakeland, and Bill McCabe, Longwood, for Appellant.

––––––––––––––––––

[*] Judge Lewis was substituted for an original panel member in this proceeding after oral argument. He has viewed the digital recording of oral argument.

Allyson A. McInvale of Brady Law Group, PLC, Tampa, for Appellees.